UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BMO HARRIS BANK N.A., | |
| Plaintiff, | 1:22-cv-08328 (JLR) |
| -against- | |
| | **ORDER** |
| RADIUM2 CAPITAL, LLC, | |
| Defendant. | |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff commenced this action on September 29, 2022.  ECF No. 1 ("Complaint").  Plaintiff asserts that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1).  *Id*. ¶ 13.  Plaintiff alleges that Plaintiff is a national bank with its principal place of business in Illinois.  *Id*. ¶ 8.  Defendant is a limited liability company ("LLC").  *Id*. ¶ 9.  Plaintiff alleges that Troy Caruso, an individual residing in New York, owns more than 95% of the membership interests in Defendant and that "the remaining members of [Defendant] are not residents or citizens of the State of Illinois."  *Id*. ¶¶ 10-12.

For purposes of diversity jurisdiction, "a national bank is a citizen only of the state listed in its articles of association as its main office."  *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016).  An LLC is deemed to be a citizen of each state of which its members are citizens.  *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  The citizenship of each member of an LLC must be affirmatively alleged, even where one member holds a majority interest in the LLC or it is alleged that members of the LLC are not citizens of a non-diverse state.  *See Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*, No. 20-cv-00731 (PAE), 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020).  "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . [in other words] the place

where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). In the present case, Plaintiff fails to properly allege the citizenship of either party.

Accordingly, it is hereby ORDERED that, **on or before October 15, 2022**, Plaintiff shall file on ECF a letter, supported by one or more sworn affidavits, alleging the citizenship of each party. If, by that date, Plaintiff is unable to allege a good-faith basis for complete diversity of citizenship, the action may be dismissed for lack of subject-matter jurisdiction, without further notice to the parties. Plaintiff is directed to, **within two business days of this Order**, serve on Defendant a copy of this Order and file proof of such service on the docket.

Dated: October 5, 2022
      New York, New York

                                   SO ORDERED.

                                   *Jennifer Rochon*
                                   JENNIFER L. ROCHON
                                   United States District Judge